■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TEDDY LEWIS, Appellant, v HAROLD GRAHAM, Superintendent, Auburn Correctional Facility, Respondent. [870 NYS2d 665]—

Memorandum: Supreme Court properly denied the petition seeking a writ of habeas corpus. The contention of petitioner

that he is entitled to immediate release because the indictment was jurisdictionally defective could have been raised on direct appeal or by way of a CPL article 440 motion, and thus habeas corpus relief does not lie (*see People ex rel. Gloss v Murray*, 35 AD3d 1186 [2006], *lv denied* 8 NY3d 807 [2007]; *People ex rel. Alvarez v West*, 22 AD3d 996 [2005], *lv denied* 6 NY3d 704 [2006]; *People ex rel. Reed v Travis*, 12 AD3d 1102 [2004], *lv denied* 4 NY3d 704 [2005]). In any event, petitioner's contention is without merit. "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*People v D'Angelo*, 98 NY2d 733, 734 [2002]). Although each count of the indictment failed to state petitioner's name and instead stated that "THE DEFENDANT, ACTING IN CONCERT WITH ANOTHER PERSON" committed the specified offenses, petitioner was the only person listed as the defendant in the caption of the indictment. Thus, the reference to "DEFENDANT" in the body of the indictment was sufficient to charge petitioner with the commission of the crimes. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.