People v Aguilar-Contreras (2020 NY Slip Op 50841(U))

[*1]

People v Aguilar-Contreras (Isabel)

2020 NY Slip Op 50841(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-1270 K CR

The People of the State of New York,
Respondent, 
against
Isabel Aguilar-Contreras, Appellant. 

New York City Legal Aid Society (Natalie Rea of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Gamaliel Marrero of counsel), for
respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Kings
County (Donald Leo, J.), rendered June 6, 2017. The judgment convicted defendant, upon his
plea of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to the added charge of
disorderly conduct (Penal Law § 240.20), a violation, in full satisfaction of the accusatory
instrument, which charged him with forcible touching (Penal Law § 130.52 [1]), sexual
abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal
Law § 240.26 [1]). On appeal, defendant challenges the facial sufficiency of all charges in
the accusatory instrument, arguing that there was only a conclusory allegation identifying
defendant as the perpetrator.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v
Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]).
Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect
which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103;
People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived
the right to be prosecuted by information, [*2]the accusatory
instrument must be evaluated under the standards that govern a misdemeanor complaint (see
Dumay, 23 NY3d at 524; see also CPL 100.15; 100.40 [4]; People v Dumas,
68 NY2d 729, 731 [1986]). To be facially sufficient, a misdemeanor complaint must set forth
"facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15
[3]; see 100.40 [4] [a]), and provide "reasonable cause to believe that the defendant
committed the offense charged" (CPL 100.40 [4] [b]). "[T]he test for facial sufficiency 'is,
simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the
charged crime to satisfy the demands of due process and double jeopardy' " (People v
Aragon, 28 NY3d 125, 128 [2016], quoting Dreyden, 15 NY3d at 103). "So long as
the factual allegations of [a complaint] give an accused notice sufficient to prepare a defense and
are adequately detailed to prevent a defendant from being tried twice for the same offense, they
should be given a fair and not overly restrictive or technical reading" (People v Casey, 95
NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Here, the accusatory instrument, captioned "THE PEOPLE OF THE STATE OF NEW
YORK V ISABEL AGUILAR CONTRER[AS]," executed and sworn to by a police officer,
alleged that the police officer had been informed by the complainant that, on a specified date, at a
specified time and place, "defendant" had grabbed the complainant's shoulders, pulled the
complainant toward "defendant," and "defendant" had kissed the complainant on the lips without
the complainant's consent. Additionally, the accusatory instrument alleged that the previously
described actions had caused the complainant to become alarmed and annoyed. Along with the
accusatory instrument, the People served and filed a supporting deposition signed by the
complainant, in which she attested, upon her personal knowledge, that all of the facts stated in
the accusatory instrument to have been based upon information furnished by her were true. 
Upon a review of the accusatory instrument, we find that it adequately provided notice of
defendant's identity. Although the factual portion of the accusatory instrument did not
specifically state defendant's name, the reference to "defendant" throughout the factual portion of
the accusatory instrument clearly referred to this defendant, the only person listed in the caption
of the complaint (see e.g. People ex rel.
Lewis v Graham, 57 AD3d 1508 [2008] [holding that the reference to "DEFENDANT"
in the body of the indictment was sufficient to charge that person with the commission of the
crimes.]). Consequently, we find that defendant's challenge to the accusatory instrument lacks
merit.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020