People v Rivera (2022 NY Slip Op 50879(U))

[*1]

People v Rivera (Matthew)

2022 NY Slip Op 50879(U) [76 Misc 3d 130(A)]

Decided on September 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570653/18

The People of the State of New York,
Respondent,
against
Matthew Rivera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Josh E. Hanshaft, J., at plea; Herbert J. Moses, J., at sentencing), rendered August
6, 2018, convicting him, upon his plea of guilty, of assault in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Josh E. Hanshaft, J., at plea; Herbert J. Moses, J., at sentencing),
rendered August 6, 2018, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of third-degree assault (see Penal Law §
120.00[1]). The instrument states that at a particular date, time and street location, complainant
was struck "in the face multiple times with a closed fist, causing several facial fractures," and that
deponent police officer "observed surveillance video" of the incident, "which depicts the
defendant striking the [complainant] multiple times with a closed fist." Contrary to defendant's
present contention, the allegation that defendant was the individual depicted on the video
surveillance was, at the pleading stage, "sufficiently evidentiary in character" to support a finding
that defendant was the perpetrator of the crime (People v Allen, 92 NY2d 378, 385
[1998]). Any further challenge to the identification of defendant was a matter to be raised at trial,
not by insistence that the instrument was jurisdictionally defective (see People v
Konieczny, 2 NY3d 569, 577 [2004]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 19, 2022