People v Carlos-Valencia (2025 NY Slip Op 50046(U))

[*1]

People v Carlos-Valencia (Adelaido)

2025 NY Slip Op 50046(U) [84 Misc 3d 137(A)]

Decided on January 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570060/19

The People of the State of New
York, Respondent,

against

Adelaido Carlos-Valencia,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Jeffrey M. Zimmerman, J.), rendered June 18, 2018, convicting him,
upon his plea of guilty, of attempted endangering the welfare of a child, and imposing
sentence.

Per Curiam.

Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered June 18, 2018,
affirmed.

Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument charging attempted
endangering the welfare of a child (see Penal Law §§ 110.00,
260.10[1]) was valid for jurisdictional purposes as it contained sufficient allegations that
defendant was the individual who, on November 25, 2017 at 3:00 a.m., at a specified
Bronx County location, "placed his hands underneath [the 13-year old victim's] shirt and
touched [her] breasts without her permission or consent" (see People v Rivera, 76 Misc
3d 130[A], 2022 NY Slip Op 50879[U] [App Term, 1st Dept 2022], lv denied
39 NY3d 1074 [2023]; People v Aguilar-Contreras, 68 Misc 3d 126[A], 2020 NY
Slip Op 50841[U][App Term 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv
denied 35 NY3d 1092 [2020]; see also People v Thomas, 220 AD3d 582 [2023], lv
denied 41 NY3d 944 [2023]). These factual allegations provided reasonable cause to
believe that defendant committed the offense (see generally People v Johnson, 95
NY2d 368, 372 [2000]; People
v Sanderson, 68 AD3d 1716, 1717 [2009], lv denied 14 NY3d 844
[2010]), and provided adequate notice to enable him to prepare a defense and invoke his
protection against double jeopardy (see People v Kasse, 22 NY3d 1142 [2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: January 22, 2025