People v Licius (2025 NY Slip Op 05873)

People v Licius

2025 NY Slip Op 05873

Decided on October 23, 2025

Court of Appeals

Wilson, Ch. J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2025

No. 80 

[*1]The People & c., Respondent,
v
Richecarde Licius, Appellant.

Simon Greenberg, for appellant.
Julian Joiris, for respondent.

WILSON, Chief Judge:

Mr. Richecarde Licius contends the misdemeanor charges against him must be dismissed because the People electronically filed their statement of readiness on the due date at 5:03 p.m. instead of by 5:00 p.m. We disagree. Electronic submission of a statement of readiness on or before the due date, regardless of time of day, satisfies the CPL 30.30 deadline.
I.
On May 3, 2022, Mr. Licius was arraigned in Criminal Court on a misdemeanor complaint. There is no dispute that August 1, 2022, was the date by which the People were required to announce their readiness to comply with the CPL 30.30 (1) speedy trial deadline. On that date, at 5:03 p.m., the People submitted a certificate of compliance, statement of readiness (SOR), and other documents to the court through the court's Electronic Document Delivery System (EDDS). The People also served the documents on defense counsel that day.
The clerk's office was closed at the time the People filed the SOR and other documents through EDDS. The following morning, on August 2, 2022, at 9:56 a.m., the clerk's office marked the SOR as filed as of August 1, 2022, and notified the People. Mr. Licius's counsel moved to dismiss the accusatory instrument pursuant to CPL 30.30, arguing both that CPL 30.30 does not permit the prosecution to state it is ready for trial after the court's close of business on the final day of the statutory speedy trial period, and also that the SOR was not filed until the clerk's office reviewed and accepted it on August 2, 2022, after the speedy trial period had elapsed.
Criminal Court granted Mr. Licius's motion to dismiss, holding that the People's 5:03 p.m. filing was invalid because "the People [must] be capable of actually beginning a trial when they announce readiness." The Appellate Term reversed, holding that the People's readiness "and the court's ability to commence a trial are separate issues" and that "since the implementation of EDDS, documents can now be submitted throughout the day and later be 'deemed filed' by the clerk" (82 Misc 3d 18, 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]). A Judge of this Court granted Mr. Licius leave to appeal (see 41 NY3d 984 [2024]). We affirm.
II.
This case presents two legal issues for our review: (a) does electronically submitting an SOR after the court has closed on the last day of the applicable statutory speedy trial period satisfy the requirement that the People be "ready for trial" within that period (CPL 30.30 [1]), and (b) must an SOR also be reviewed and "deemed filed" by the court within that period?
First, electronic submission of an SOR before midnight on the due date satisfies CPL 30.30. CPL 30.30 (1) (b) requires that the People validly declare their readiness for trial within the applicable speedy trial period, either on the record in court or by written communication to the defendant and court to be placed on the record (see People v Kendzia, 64 NY2d 331, 337 [1985]). In People v Kendzia, we held that, to satisfy the statutory speedy trial obligations, the People must (1) timely make "a communication of readiness . . . which appears on the trial court's record" and (2) at the time of that representation, be "in fact ready to proceed" (64 NY2d at 337). Electronic delivery before midnight on the calendar day of the statutory deadline satisfies CPL 30.30 because there is no requirement in CPL 30.30, or our case law, that the People's readiness be communicated to the court and defense counsel by any particular time of day. Indeed, General Construction Law § 19, which is "applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended" (id. § 110), specifies that "a calendar day includes the time from midnight to midnight." This is incompatible with Mr. Licius's position that the day ends at 5:00 p.m.
Nothing in CPL 30.30 evidences that a contrary interpretation was intended. The People, not the court, are subject to the CPL 30.30 deadline. Contrary to Mr. Licius and the Criminal Court's view, the People's trial readiness does not depend on whether the court is closed, about to close, or otherwise unavailable to commence trial. The statutory speedy trial framework requires the People to be ready to commence trial by a date certain, without regard to whether the court is able to commence trial. It is well settled that time elapsing because of court unavailability is not charged to the People when determining trial readiness (see People v England, 84 NY2d 1, 4 [1994]). CPL 30.30 was enacted for "the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (People v Sinistaj, 67 NY2d 236, 239 [1986]).
Mr. Licius further contends that even if the People had until midnight on August 1 to submit their SOR, because the People used the EDDS to submit it, and because the clerk's office did not review and accept it until the morning of August 2, it is nevertheless untimely. He relies on 22 NYCRR 202.5-c (c) (3), which states that documents sent through EDDS "shall not be deemed filed until the clerk of such court or his or her designee shall have reviewed the documents and determined . . . that all other filing requirements have been satisfied." Mr. Licius argues this language requires the court to declare the People's SOR "deemed filed" within the CPL 30.30 90-day deadline. We reject his interpretation, because CPL 30.30 regulates only the People's SOR submission, not the clerk's review of the SOR submission. The validity of an SOR does not turn on the speed with which the clerk's office reviews and accepts filings. The purpose of the SOR is to require the People to "state[] or otherwise provide[] notice that the [P]eople are ready for trial" (CPL 30.30 [5]). In submitting the SOR through EDDS at 5:03 p.m. on August 1, 2022, that purpose was fully served. Both the court and Mr. Licius were put on notice of the People's readiness.
III.
In sum, the People's use of the EDDS to deliver their SOR at 5:03 p.m. on the last day of the speedy trial period met the requirements of CPL 30.30. Accordingly, the order of the Appellate Term should be affirmed.
Order affirmed. Opinion by Chief Judge Wilson. Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided October 23, 2025