People v Norvil (2025 NY Slip Op 51984(U))

[*1]

People v Norvil (Messiah)

2025 NY Slip Op 51984(U)

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2023-1365 K CR

The People of the State of New York, Respondent,
against
Messiah Norvil, Appellant. 

Brooklyn Defender Services (Owen Senders of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Michael Bierce of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Archana Rao, J.), rendered October 11, 2023. The judgment convicted defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence. The appeal from the judgment brings up for review an order of that court (Devin R. Robinson, J.) dated July 21, 2023 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds, and an October 11, 2023 denial (Archana Rao, J.) of defendant's motion to dismiss the accusatory instrument on speedy trial grounds based on its facial insufficiency.

ORDERED that the judgment of conviction is affirmed.
On March 15, 2023, the People filed a misdemeanor complaint charging defendant with, in relevant part, 12 counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20, a class A misdemeanor) and two counts of unlawful possession of a skimmer device in the second degree (Penal Law § 190.85 [1], a class A misdemeanor). On June 13, 2023, at 5:37 p.m., the People submitted to the Criminal Court, through the Electronic Document Delivery System (EDDS), a certificate of compliance (COC), which contained therein a statement of readiness (SOR) and a certification pursuant to CPL 30.30 (5-a). On the same day, the People also served these documents on the defense.
Thereafter, defendant moved to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated because the People submitted their COC/SOR after business hours on the 90th day, the last day for the People to be ready in this class A misdemeanor prosecution (see CPL 30.30 [1] [b]; People v Labate, 42 NY3d 184 [2024]), thereby totaling 91 days of chargeable time to the People. By order dated July 21, 2023, the Criminal Court (Devin R. Robinson, J.) denied defendant's motion, finding that the People timely filed and served their COC/SOR within the 90-day period established under CPL 30.30 (1) (b).
Defendant's motion was properly denied. Here, the People electronically submitted the COC/SOR before midnight on the 90th day, and "electronic submission of an SOR before midnight on the due date satisfies CPL 30.30" (People v Licius, __ NY3d __, ___, 2025 NY Slip Op 05873, *1 [2025]).
Subsequently, defendant moved to dismiss the accusatory instrument on speedy trial grounds because it was facially insufficient. On October 11, 2023, the Criminal Court (Archana Rao, J.), finding that the accusatory instrument was facially sufficient, denied defendant's motion. After waiving prosecution by information, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of the accusatory instrument, and sentence was imposed.
As defendant expressly waived prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated on appeal under the standards that govern a misdemeanor complaint (see People v Aragon, 28 NY3d 125 [2016]; see generally People v King, 83 Misc 3d 29 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
The factual part of a misdemeanor complaint "must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [4] [a]) and must, along with any supporting depositions accompanying the accusatory instrument, "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument" (CPL 100.40 [4] [b]). The law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charge (see People v Konieczny, 2 NY3d 569, 575 [2004]). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). In addition, reasonable inferences may be drawn from the allegations set forth in the accusatory instrument (see People v Drelich, 32 NY3d 1032, 1033 [2018]).
Here, giving the accusatory instrument a fair and not overly restrictive or technical reading (see Casey, 95 NY2d at 360), we find that it supplied "defendant with sufficient notice of the charged crime[s] to satisfy the demands of due process and double jeopardy" (see People v Dreyden, 15 NY3d 100, 103 [2010]). The accusatory instrument charged defendant with 12 counts of criminal possession of a forged instrument in the third degree. While the factual portion of the instrument merely alleged that defendant possessed a "quantity" of credit cards with different names, this allegation was sufficient to support the inference that "quantity" meant "12," when taken into conjunction with the fact that the accusatory instrument charged him with 12 counts of criminal possession of a forged instrument in the third degree (see People v Aguilar-Contreras, 68 Misc 3d 126[A], 2020 NY Slip Op 50841[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The misdemeanor complaint also sufficiently alleged two counts of unlawful possession of a skimmer device in the second degree (see People v Medina, 59 Misc 3d 146[A], 2018 NY Slip Op 50765[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 12, 2025