People v Skoblicki (2026 NY Slip Op 50012(U))

[*1]

People v Skoblicki

2026 NY Slip Op 50012(U)

Decided on January 5, 2026

District Court Of Nassau County, First District

Petrocelli, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 5, 2026
District Court of Nassau County, First District

The People of the State of New York,

againstAndrew G. Skoblicki, Defendant.

Docket No. CR-007743-25NA

Brian J. Griffin, Esq.Attorney for DefendantTara DePalo, Esq. forAnne T. Donnelly, Nassau County District Attorney

Lisa M. Petrocelli, J.

The following named papers numbered 1 to 3 were considered by the Court on this motion by the Defendant seeking relief pursuant to Criminal Procedure Law Sections 170.30(1)(e) and 30.30(1)(b):
1 Notice of Motion / OSC and Affidavit / Affirmation and Memorandum of Law in Support2 Affidavit / Affirmation and Memorandum of Law in Opposition3 Affidavit / Affirmation in ReplyThe Defendant moves this Court by Notice of Motion, Affirmation in Support, and Memorandum of Law in Support of BRIAN J. GRIFFIN, ESQ., each dated October 2, 2025, for an Order deeming the certification(s) filed by the prosecution to be untimely and dismissing the within matter in its entirety pursuant to the applicable sections of the Criminal Procedure Law ("C.P.L.") as detailed hereinabove.[FN1]
Such relief is sought based upon the allegation that the Certificate of Readiness for Trial filed by the People on August 11, 2025 is beyond the statutory time allotted and therefore in violation of the constitutional rights of the Defendant. By Affidavit in Opposition and Memorandum of Law in Opposition of KATHLEEN A. DEWITT, ESQ., each dated October 16, 2025, the People oppose such relief. The Affirmation in Reply of BRIAN J. GRIFFIN, ESQ., dated October 30, 2025, was submitted in response thereto.
The Defendant is currently charged with the following counts of the Vehicle and Traffic Law, to wit: Section 1192-3 (Unclassified Misdemeanor); Section 1110-(a) (Traffic Infraction); [*2]and Section 401-1a (Traffic Infraction). The applicable time period within which the People must be ready for trial is ninety (90) days following the commencement of the action pursuant to C.P.L. Section 30.30(1)(b) based upon the classification of the most serious charge and the potential sentence of imprisonment associated therewith. Prior to any announcement of readiness for trial, the People must meet all obligations imposed by both C.P.L. Article 245 and C.P.L. Section 30.30 as amended.Procedural HistoryOn April 13, 2025 at approximately 9:30 p.m., law enforcement responded to a report of a disabled 2003 Honda motor vehicle positioned on the westbound Long Island Railroad commuter train tracks in the Village of Farmingdale, County of Nassau. During the ensuing roadside investigation, the Defendant was identified as the operator of such automobile and was observed demonstrating clues of impairment. Following the administration of field sobriety testing, the Defendant was placed under arrest by member(s) of the Nassau County Police Department ("N.C.P.D.") Eighth Precinct at approximately 10:10 p.m. and transported to N.C.P.D. Central Testing Section where he refused to submit to a chemical test of either his breath or his blood. 
The Defendant was arraigned on the current charges on April 14, 2025. The speedy trial time commenced the following day on April 15, 2025 (see People v. Stiles, 70 NY2d 765, 767 (1987); see also General Construction Law Section 20), and thus the People were required to state their readiness for trial within ninety (90) days thereof, to wit: July 13, 2025.[FN2]
On July 21, 2025, the People filed a written application off-calendar (motion sequence number 001) seeking protective order relief pursuant to C.P.L. Section 245.70. On August 11, 2025, such relief was granted on the record and without objection. The People then filed their Certificate of Compliance with Initial Discovery and Certificate of Readiness for Trial ("C.O.C./C.O.R.") at 3:36 p.m. that day. On September 11, 2025, the Court established a motion schedule at the request of counsel for the Defendant. The within opposed motion was ultimately submitted on October 31, 2025. 

 Discussion and Analysis
Following the arraignment conducted on April 14, 2025, the matter was adjourned to allow the Defendant the opportunity to retain private counsel. A written Notice of Appearance was thereafter served upon the People by incoming defense counsel on April 17, 2025 (see Affirmation in Support, Paragraph "5", Exhibit "A") and filed with the Court on April 21, 2025. Counsel for the Defendant argues, inter alia, that chargeable time should be calculated from the date of the service of his Notice of Appearance upon the People via first class mail based upon the "mailbox rule" (see Affirmation in Reply, Page "2"; see also C.P.L.R. 2103(b)(2); C.P.L.R. 2103(f)(1)) in lieu of the date of filing thus rendering the Certificate of Readiness for Trial untimely. 
The calculation of excludable time is tethered to procedural posture or other identifiable delay (see C.P.L. Section 30.30(4)) including but not limited to the appearance of retained [*3]counsel. Although the subject Notice of Appearance was mailed on April 17, 2025, it was neither processed nor recognized by the Court until April 21, 2025 (see Affirmation in Opposition, Paragraph "10", Exhibit "1"; Memorandum of Law in Opposition, Paragraph "26"). Counsel for the Defendant relies upon a selective excerpt of C.P.L.R. 2103(b)(2) proclaiming service to be complete upon mailing (see Affirmation in Reply, Page "2") but disregards the statutory mandate that time is to be added to any measured period [FN3]
to counterbalance the delay inherent in such process. Hence, there is no rational basis to anchor the commencement of excludable time to the date of mailing of the subject Notice of Appearance as the disputed time period is properly fixed and determined following acceptance of such document by the Court (see 22 N.Y.C.R.R. Section 200.5; see also C.P.L.R. 2102(a)). Furthermore, the argument of defense counsel that the failure to extend the "mailbox rule" applied to the service of prosecutorial certifications fosters inequity (see Affirmation in Reply, Page "2") is unpersuasive as the procedural significance of the retention of counsel is not comparable to the procedural impact of timely discovery compliance and the announcement of trial readiness. 
Notwithstanding the foregoing, the People concede that the application for relief pursuant to C.P.L. Section 245.70 filed on July 21, 2025 (motion sequence number 001) occurred on the first business day following the ninetieth (90th) day of chargeable speedy trial time (see Affirmation in Opposition, Paragraph "16"; Memorandum of Law in Opposition, Paragraphs "33", "36"). However, the presumption that the resolution of such motion reinstates speedy trial time to the moment of cessation is improper. C.P.L. Section 30.30(1)(b) expressly measures speedy trial time in calendar days and does not countenance the subdivision of such units into fractional allotments (see e.g. People v. Licius, 82 Misc 3d 18, 20-21 (Sup. Ct. App. Term, 2nd Dept., 2nd, 11th, and 13th Jud. Dists. 2023) aff'd 2025 NY Slip Op. 05873 (Oct. 23, 2025, Wilson, C.J.); People v. McLean, 77 Misc 3d 492, 498 (Crim. Ct. Kings Co. 2022)). As a "calendar day" encompasses midnight to midnight (see General Construction Law Section 19), the final day to declare readiness for trial in this matter terminated at midnight on July 21, 2025. While the protective order application filed on July 21, 2025 paused speedy trial time prior to its imminent expiration by shifting the matter to motion posture (see C.P.L. Section 30.30(4)(a); C.P.L. Section 245.70(8)), such date also constitutes "the calendar day from which the reckoning is made" and is therefore excluded from additional computation (see General Construction Law Section 20; see also People v. DiMeglio, 294 AD2d 239, 240 (1st Dept. 2002)). The People can neither revive the waning hours of July 21, 2025 nor apply any "unexpended" portion thereof to an alternate calendar day. Consequently, the return to litigation posture on August 11, 2025 constitutes a succeeding calendar day chargeable to the People and renders the Certificate of Readiness for Trial untimely.
In light of the above determination, includable time chargeable to the People in this matter is calculated below.
Chargeable Time Pursuant to Criminal Procedure Law Section 30.30(1)(b)Period between April 14, 2025 and April 21, 2025As stated hereinabove, the Defendant was arraigned on the current charges on April 14, 2025 and the action was commenced. At arraignment, the proceeding was adjourned until May 8, 2025 to permit the Defendant an opportunity to retain counsel of his selection. As the Defendant was initially "without counsel through no fault of the court", the period of adjournment until the filing of a Notice of Appearance by incoming defense counsel on April 21, 2025 is excludable without qualification pursuant to C.P.L. Section 30.30(4)(f). See e.g. People v. Aubin, 245 AD2d 805, 806-807 (3rd Dept. 1997). Therefore, the time of -0- days is chargeable to the People.
Period between April 21, 2025 and May 8, 2025Following receipt by the Court of the written Notice of Appearance of defense counsel on April 21, 2025, the balance of the adjournment period until May 8, 2025 is deemed for discovery compliance without the consent of the Defendant. Therefore, the time of 17 days is chargeable to the People.
Period between May 8, 2025 and June 10, 2025It is undisputed that the matter was further adjourned from May 8, 2025 to June 10, 2025 for discovery compliance and no consent was obtained from the Defendant. Therefore, the time of 33 days is chargeable to the People.
Period between June 10, 2025 and July 10, 2025It is undisputed that the matter was further adjourned from June 10, 2025 to July 10, 2025 for discovery compliance and no consent was obtained from the Defendant. Therefore, the time of 30 days is chargeable to the People.
Period between July 10, 2025 and July 21, 2025It is undisputed that the matter was further adjourned from July 10, 2025 to August 11, 2025 for discovery compliance and no consent was obtained from the Defendant; however, on July 21, 2025 the People filed a written motion off-calendar (motion sequence number 001) seeking protective order relief pursuant to C.P.L. Section 245.70 in an attempt to pause the speedy trial clock pursuant to C.P.L. Section 30.30(4)(a) (see also C.P.L. Section 245.70(8)). Therefore, the time of 11 days is chargeable to the People.
Period between July 21, 2025 and August 11, 2025It is undisputed that the within matter remained in motion posture from July 21, 2025 until August 11, 2025 (see Memorandum of Law in Support, Page "6") when the matter returned to litigation posture and was further adjourned for discovery compliance without the consent of the Defendant. The People then filed a C.O.C./C.O.R. off-calendar later that day in a renewed attempt to pause the speedy trial clock. Therefore, the time of -0- days are chargeable to the People until August 11, 2025.
Period between August 11, 2025 and September 11, 2025As detailed hereinabove, the Certificate of Readiness for Trial filed by the People on August 11, 2025 occurred on the next includable calendar day following the expiration of speedy trial time on July 21, 2025. The balance of such post-readiness period of adjournment without consent is excludable for purposes of calculating speedy trial time pursuant to C.P.L. Section [*4]30.30(1)(b). Therefore, the time of 1 day is chargeable to the People.
Period between September 11, 2025 and October 31, 2025Following the pre-trial motion schedule established by the Court on September 11, 2025, this matter was adjourned from September 11, 2025 to October 30, 2025; and from October 30, 2025 to October 31, 2025 (submission of motion), and thus this period is excludable for purposes of calculating speedy trial time in accordance with C.P.L. Section 30.30(4)(a). Therefore, the time of -0- days is chargeable to the People.
In the case at bar, the total time chargeable to the People based upon the date of filing of the Certificate of Readiness for Trial on August 11, 2025 is 92 days(17 + 33 + 30 + 11 + 1). Accordingly, the People have exceeded their statutory speedy trial time of ninety (90) days pursuant to C.P.L. Section 30.30(1)(b). 
Based upon the foregoing, and upon all of the proceedings conducted herein, and after due deliberation, it is
ORDERED, that the motion of the Defendant to dismiss this matter based upon the expiration of speedy trial time pursuant to C.P.L. Section 170.30(1)(e) is hereby granted in its entirety; and it is further
ORDERED, that any other matters not specifically addressed herein are hereby denied as moot as the matter is now concluded.
The foregoing constitutes the Decision and Order of the Court.
Dated: January 5, 2026Hempstead, New YorkE N T E R :HON. LISA M. PETROCELLIJUDGE OF THE DISTRICT COURT

Footnotes

Footnote 1:The annexed Affidavit of Service, sworn to on October 2, 2025, indicates that defense counsel served a "Motion to Terminate Probation" on the People in lieu of the application presently before the Court. As no issue was raised by the prosecution regarding the subject of the pending motion, the Court need not address same.

Footnote 2:As July 13, 2025 fell on a Sunday, the speedy trial period automatically extended to the following business day, to wit: Monday, July 14, 2025. See General Construction Law Section 25-a(1). 

Footnote 3:C.P.L.R. 2103(b)(2) adds five (5) days to a period of time prescribed by law if papers are mailed within the State of New York and six (6) days to a period of time if papers are mailed outside the State of New York.