People v Roger (2026 NY Slip Op 26004)

[*1]

People v Roger

2026 NY Slip Op 26004

Decided on January 7, 2026

Criminal Court Of The City Of New York, Kings County

Pilmar, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 7, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstLisa Roger, Defendant

Docket No. CR-036161-25KN

People: Kings County District Attorney's Office by Alexis Lehrer, Esq.Defendant: Brooklyn Defender Services by Jeremy Gross, Esq.

Philip N. Pilmar, J.

Defendant Lisa Roger moves for dismissal, arguing that omissions in the People's discovery renders their certificate of compliance ("COC") invalid and statement of readiness ("SOR") illusory, and accordingly, that the People have violated the defendant's right to a speedy trial. For the reasons set forth below, the Court declines to determine whether the COC was invalid, but GRANTS defendant's motion to dismiss because the People failed to properly announce to the Court that they were ready for trial prior to the expiration of the speedy trial clock.
 BACKGROUNDOn July 29, 2025, the defendant was arraigned on a misdemeanor complaint charging her with Assault in the Third Degree and related charges. On October 16, 2025, the People served their NDF, COC, SOR, and a supporting deposition on defense counsel. 
On that same date, the People also attempted to file these documents with the Court through the court's Electronic Document Delivery System ("EDDS"). However, the filing was rejected by the Court Clerk and a notification email was sent to the assigned ADA on October 17, 2025, stating:
Regarding Document(s) ID 8TEZ6F, the court has not accepted the document(s) you sent for the following reason: Please be aware, all Affirmations of Service must specifically state the document(s) that have been or are being served. If any submission does not have accurate AOS or does not have AOS in general it will be returned for correction and resubmission.If instructed to resend a new document, you must start the process from the beginning.Although the original email sent by the Court clerk contains the above emphasis, the People did not resubmit these documents. Defense counsel was not on the email from the Court [*2]and had no notice that the People's filings were rejected.
On October 30, 2025, defense counsel sent a conferral email to the People and received an automated response indicating that the assigned ADA was out of the office until November 3, 2025. On November 6, 2025, the People communicated a plea offer to defense counsel but never addressed defense counsel's conferral email, or their rejected filing.
On November 7, 2025 (101 days after the defendant's arraignment), the parties appeared in court, the People stated that a COC and SOR had previously been filed, and the Court set a motion schedule for defendant's motion to dismiss. On December 8, 2025, the People filed their opposition to the defendant's motion to dismiss. On this same date, the People also electronically re-filed the SOR, COC and NDF that they had attempted to file in October. 
When reviewing the defendant's motion to dismiss, the Court sua sponte noticed that the People's SOR was dated October 16, 2025, but was filed on December 8, 2025. On December 17, 2025, the Court conferred with the parties by email regarding the filing discrepancy and asked the People to provide proof of October 16, 2025, filing of their COC, SOR, and NDF. In response, the People attached the above-referenced EDDS notification. The People did not provide any explanation for why they failed to refile the documents after being instructed to do so by the clerk.

APPLICABLE LAW
Pursuant to CPL § 30.30(1)(b), a motion to dismiss must be granted if the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." In computing the time the People must be ready for trial, "other periods of delay occasioned by exceptional circumstances" "must be excluded" (CPL 30.30[4][g]).
It is well-settled that being ready for trial "encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court's record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record." (People v Kendzia, 64 NY2d 331, 337 [1985].) Second, the People must make the statement of readiness when "the People are in fact ready to proceed. The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness." (Id.)
The New York City Administrative Code provides rules for the filing of electronic documents in the Supreme Courts and County Courts. 22 NYCRR 202.5-c(a) provides that "Court documents may be transmitted to the courts of the unified court system by means of the [EDDS] only to the extent and in the manner provided in this section." 22 NYCRR 202.5—c (c)(3) states that documents sent through EDDS "shall not be deemed filed until the clerk of such court or his or her designee shall have reviewed the documents and determined . . . that that the documents include proof of service upon the other party or parties to the action or proceeding when proof of service is required by law [and] all other filing requirements have been satisfied." However, the People's readiness may be declared after business hours, as "the People's trial readiness does not depend on whether the court is closed, about to close, or otherwise unavailable to commence trial" (People v Licius, 2025 NY Slip Op 05873 [Ct App Oct. 23, 2025].)
Finally, "[w]henever . . . a prosecutor states or otherwise provides notice that the people are ready for trial, the court shall make inquiry on the record as to their actual readiness" (CPL 30.30[5][a]).

DISCUSSION
When the parties appeared in Court on November 7, 2025, and the People stated that they had previously declared they were ready for trial, 101 days had elapsed from the defendant's arraignment. The speedy trial clock was not stopped when the People attempted to file these documents on October 17, 2025, because the filing was rejected and never refiled until December 8, 2025. Accordingly, the People did not declare to the Court they were ready for trial within 90 days as required by CPL 30.30 and the case must be dismissed.
The EDDS notification that the People received could not have been any clearer. It alerted the People to the fact that their documents had "not" been accepted for filing. The People did not take any action to correct the specified deficiency, and their certifications were not in fact filed with the court until December 8, 2025. 
In an email response to the Court's inquiry regarding the defective filing, the People wrote:
Please see the attached for the original filing which was bounced back for lacking the name of the document in the AOS despite the document being named COC. As per People v. Kendzia, 64 NY2d 331, 337, The People maintain that we did state ready for trial on the date it was submitted (10/17) as it appeared on the record that it was in fact submitted and that the communication of readiness is literally in the court record because it was uploaded to EDDS, despite the fact it didn't completely comport with an OCA rule. The lack of exact compliance with the OCA rule, a rule that has nothing to do with the legal standard established by the Court of Appeals to determine the People's readiness for trial, does not invalidate the People's SOR.The People may have disagreed with the Court Clerk's assessment of their filing, but they did so at their own peril. The People's statement that their COC was "literally in the court record because it was uploaded to EDDS" is without merit and evidences a lack of understanding as to what EDDS is. Documents uploaded to EDDS are not part of "the court record" and have not been "filed" until they are approved and accepted by the Court Clerk. (See 22 NYCRR 202.5—c[c][3].) In fact, the Court raised this issue with the parties precisely because the SOR was dated October 16 but was stamped as not having been filed until December 8 when the People re-filed the documents with the Court. Thus, the SOR was not "literally in the court record" as the People claim and it did not appear anywhere in the Court's paper or electronic files until December 8.
The People also appear to misunderstand why the Court is dismissing this case. The issue is not that the People's SOR was invalid, but that a SOR was never communicated to the Court. Thus, the speedy trial clock did not stop when they attempted to file their COC/SOR, and the People never announced to the court they were ready for trial prior to the expiration of the 90-day speedy trial deadline.
Two hypothetical analogies to paper filings will demonstrate the inaccuracy of the People's position. 
• First, let's imagine that, on October 16, 2025, the ADA brought to the Clerk's office the [*3]SOR/COC, but a clerk stated to the ADA: "I'm sorry, but your document is missing a correct affirmation of service. You need to bring a corrected document before I can accept the filing and place it in the Court's file." • Next, let's imagine that, on October 16, 2025, after all the employees of the Clerk's office had left for the day, the ADA dropped the SOR/COC in the Court's after-hours box for paper filings (a mechanism used in some courts for depositing documents when a clerk's office is closed so that the documents are officially received and deemed filed on that day). The next morning, an employee of the Clerk's office opens the drop box, reviews the COC/SOR, but does not place it into the Court file because she notices the error with the affirmation of service. The Clerk calls the ADA and says, "I'm sorry, but your document is missing a correct affirmation of service. Please bring over a corrected document before I can accept the filing and place it in the Court's file." 
In both cases, would the ADA have argued with the Clerk, told the Clerk that the filing was correct, and never returned with the corrected document? Of course not. The District Attorney's office would have returned with the proper documents and would have never considered the document filed, as the Clerk told them that it could not accept these documents. The situation here is no different. The Clerk's office told the People in writing "the court has not accepted the document." But instead of simply re-filing the document as instructed, the ADA waited nearly two months to re-file the document, and, during that time, there was no record in the Court file of the People announcing their readiness for trial.
Although there do not appear to be any cases directly on point to this situation, a review of related decisions demonstrates that this case must be dismissed. First, the People's citation to People v Kendzia, 64 NY2d 331 [1985], is actually contrary to the People's argument. In Kendzia, the People never formally announced they were ready until the first day of trial. Instead, in one off-the-record conference, the People agreed to a trial date, and in another instance, the People announced that they would be ready in three weeks. The Court of Appeals held that neither was "an affirmative representation on the record that they were then ready to proceed" and dismissed the indictment for a speedy trial violation. (Id. at 337.) As noted supra, the Court of Appeals held that, to be ready for trial, "there must be a communication of readiness by the People which appears on the trial court's record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record." (Id. at 337.) Here, on October 16, the People did not announce ready in open court, and no SOR was placed in the Court file. The People could have easily remedied this issue by correcting the filing on October 17 but failed to do so for nearly two months. Thus, there was never a "a communication of readiness by the People which appears on the trial court's record" (Kendzia, 64 NY2d at 337).
The Court of Appeals recently held in Licius that the People may file a SOR on EDDS after the close of business. In that case, the People electronically filed their SOR at 5:03 p.m. on the day the People were required to announce their readiness by to comply with CPL 30.30. Because the Clerk's office was closed, the Clerk did not receive the documents until the next day. Crucially, in that case, the Clerk's office marked that the documents had been filed as of the date of the deadline, not the date the Clerk reviewed the document. The Court held that "electronic delivery before midnight on the calendar day of the statutory deadline satisfies CPL 30.30 because there is no requirement in CPL 30.30, or our case law, that the People's readiness [*4]be communicated to the court and defense counsel by any particular time of day" (Id.) The Court continued that "CPL 30.30 regulates only the People's SOR submission, not the clerk's review of the SOR submission. The validity of an SOR does not turn on the speed with which the clerk's office reviews and accepts filings" because "[b]oth the court and [the defendant] were put on notice of the People's readiness." (Id.) Here, as noted above, the Court was not put on notice of the People's readiness because the clerk rejected the filing and no filing was ever placed into the court file. Licius is more akin to the People placing the filing in an after-hours drop box, and then the Clerk placing the SOR into the court record the next morning. Here, no filing was in the court record and the People willfully disregarded the Clerk's instructions to refile the document.
People v Ramirez, 75 Misc 3d 931 [NY Cnty. Crim Ct 2022] also involves a failure to properly file a document on EDDS but under very different circumstances. In Ramirez, a superseding information and a supporting deposition were served on defense counsel but were not filed with the Court. The People admitted that it was unknown whether they inadvertently failed to file these documents or attempted to do so but encountered a problem with EDDS. The People subsequently declared they were ready for trial when they filed a SOR with the Court through EDDS. Because defense counsel noticed that the SSI and SD were not filed with the Court, defense counsel moved to dismiss for a violation of the speedy trial clock, arguing that the SOR was illusory because the SSI and SD had not previously been filed with the Court. The Court denied the motion to dismiss, holding that "failure to properly file the SSI and SD did not invalidate the[] COC or SOR [and] that the COC and the SOR were filed in good faith and that they were sufficient to stop the speedy trial clock." (Id. at 936.) Ramirez is distinguishable for two crucial reasons. First, in Ramirez, the question was whether the inadvertent failure to file an SSI/SD with the Court rendered the subsequently filed SOR illusory, not whether the People failed to announce they were ready. Thus, the question turned on the good faith of the prosecution. Second, in Ramirez, defense counsel was aware that the People had failed to file the SSI/SD on the Court, but the People appeared to genuinely believe that they had properly filed the document on EDDS. Thus, the Court found that "the possibility of an EDDS malfunction would qualify as an exceptional circumstance within the meaning of CPL 30.30 (4) (g), especially where, as is the case here, there was no intentional inaction on the part of the prosecution" (Id. at 935-36.) Here, by contrast, it is undisputed that (a) there was no EDDS malfunction but a failure to include all the proper documents as required; (b) the People were aware that the documents were not accepted for filing; and (c) the People failed to refile the documents for nearly two months. Thus, the Court finds that there are no exceptional circumstances warranting the exclusion of time under the speedy trial clock.[FN1]

In sum, CPL 30.30 and the Court of Appeals require the People to announce readiness on the record or through a written notice placed in the Court record. Although the People attempted to electronically file the SOR through EDDS, that filing was rejected by the Clerk and a SOR [*5]was never placed in the Court file. The People were notified that the filing was rejected, but chose to not refile the document in compliance with the Clerk's instructions, meaning that the SOR was never placed in the Court record prior to the expiration of the 90-day speedy trial clock. Thus, the case must be dismissed.

CONCLUSION
Accordingly, as the People did not announce to the Court they were ready for trial within the 90-day speedy trial time limitation, defendant's motion to dismiss is granted (CPL 30.30[1][b]). 
This constitutes the Decision and Order of the Court.
Dated: January 7, 2026ENTER:Hon. Philip N. Pilmar 
Judge, Criminal Court

Footnotes

Footnote 1:Certainly, the result in this case would have been much different if, when notified by the Clerk on October 17 of the rejected filing, the People immediately rectified the filing. Not only would the inadvertent EDDS error likely have counted as an "exceptional circumstance," but in this case, the People actually had nearly two weeks to remedy the filing without violating the speedy trial clock.