Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered August 29, 2011, convicting defendant, after a jury trial, of operating a motor vehicle while under the influence of alcohol, and sentencing him to a term of three years’ probation and a $1,000 fine, unanimously affirmed.
The court properly denied defendant’s speedy trial motion. The motion turns on an adjournment that the court properly excluded because the People’s statement on the morning of June 2 that “we are ready at 2:15” constituted a statement of present readiness. Actual readiness does not require that the People be able to call their first witness to the stand at the very moment they represent that they are ready (see People v Wilson, 86 NY2d 753 [1995]; People v Cantillo, 279 AD2d 326 [1st Dept 2001]; People v Dushain, 247 AD2d 234, 236 [1998], lv denied 91 NY2d 1007 [1998]). The People’s representation that they would be prepared to proceed with trial that afternoon — which *472 defendant does not contradict — showed that they had “done all that is required of them to bring the case to a point where it may be tried” (People v England, 84 NY2d 1, 4 [1994]). In any event, the adjournment was not chargeable to the People because defense counsel specifically requested an adjournment (see CPL 30.30 [4] [b]).
The court properly allowed the trained officer who operated an Intoxilyzer machine to testify to the meaning of an “insufficient sample” message, i.e., that the appearance of this message indicates that the blood alcohol content score generated by the machine represented the tested individual’s lowest possible blood alcohol content. This testimony amounted to reporting the results of the test, which, once a proper foundation had been laid, was permissible without expert testimony (see People v Mertz, 68 NY2d 136, 148 [1986]).
We perceive no basis for reducing the sentence. Concur— Gonzalez, EJ., Andrias, Saxe, Richter and Clark, JJ.