People v Torres (2021 NY Slip Op 50947(U))

[*1]

People v Torres (Andres)

2021 NY Slip Op 50947(U) [73 Misc 3d 130(A)]

Decided on September 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2015-1877 K CR

The People of the State of New York,
Respondent,
against
Andres Torres, Appellant. 

Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jill Oziemblewski and Seth M. Lieberman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael Gerstein, J.), rendered August 6, 2015. The judgment convicted defendant, after a
nonjury trial, of two counts of attempted sexual abuse in the second degree, three counts of
sexual abuse in the third degree, three counts of attempted endangering the welfare of a child,
and two counts of harassment in the second degree, and imposed sentence. The appeal brings up
for review the summary denial (Curtis J. Farber, J.) of defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds. By decision and order dated May 17,
2019, the appeal was held in abeyance and the matter was remitted to the Criminal Court to allow
the People to file written opposition to defendant's motion and for the Criminal Court to
thereafter make a new determination thereon (People v Torres, 63 Misc 3d 154[A], 2019 NY Slip
Op 50811[U]). The Criminal Court (Michael D. Kitsis, J.) has now made a new
determination.

ORDERED that the judgment of conviction is reversed, on the law, defendant's motion to
dismiss the accusatory instrument on statutory speedy trial grounds is granted and the accusatory
instrument is dismissed.
This appeal from a judgment after a nonjury trial (Michael Gerstein, J.) convicting [*2]defendant of two counts of attempted sexual abuse in the second
degree, three counts of sexual abuse in the third degree, three counts of attempted endangering
the welfare of a child, and two counts of harassment in the second degree, brings up for review
an order of the Criminal Court which summarily denied defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds. By decision and order dated May 17,
2019 (see People v Torres, 63 Misc 3d 154[A], 2019 NY Slip Op 50811[U]), this court
held the appeal in abeyance and the matter was remitted to the Criminal Court to allow the
People to file written opposition to defendant's motion and for the Criminal Court to thereafter
make a new determination thereon. Following a hearing, the Criminal Court (Michael D. Kitsis,
J.) determined that defendant's motion should be granted because more than 90 days of delay
were chargeable to the People. We agree.
It is uncontroverted that the People were required to announce their readiness for trial within
90 days of the commencement of the action, since the most serious offense charged in the
original accusatory instrument was a class A misdemeanor (see CPL 30.30 [1] [b]; see
also People v Lomax, 50 NY2d 351, 356 [1980]). Once defendant has shown the existence
of a delay greater than 90 days, the burden of showing that certain periods of time should be
excluded falls on the People (see People
v Brown, 28 NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81
[1995]; People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50
NY2d 333, 349 [1980]). The People's failure to be ready within this statutory period or make a
sufficient showing of days that were excludable requires dismissal of the accusatory instrument
(see People v Berkowitz, 50 NY2d at 349). All parties agree that the People are
chargeable with 16 days of delay which consists of (1) five days from defendant's arraignment on
July 7, 2013 to the filing of a first superseding information and the People's statement of
readiness (SoR) on July 12, 2013, (2) seven days from October 9, 2014 to November 20, 2014,
wherein the People requested a one-week adjournment, and (3) four days from November 20,
2014 to January 14, 2015, wherein the People requested a four-day adjournment.
Defendant argues that the July 12, 2013 SoR was illusory because the People subsequently
filed a second superseding information on December 6, 2013 and, on December 17, 2013, stated
that they were not ready because they were waiting for medical records which they had
subpoenaed on December 6, 2013. 
On July 12, 2013, the case was adjourned to July 19, 2013 for a hearing. However, that
hearing was no longer required by July 19, 2013 and the case was adjourned to October 24, 2013.
The time period of July 12, 2013 to July 19, 2013 is not chargeable to the People. 
A review of the record indicates that defendant did not meet his burden of demonstrating that
the People's July 12th SoR, which is "presumed truthful and accurate," was illusory (People v
Brown, 28 NY3d at 405). Since the medical examination of the complainant did not take
place until July 19, 2013, no medical records existed when the People announced ready on July
12, 2013, and the fact that the People stated that they were not ready on December 17, 2013
because they were waiting to obtain subpoenaed medical records does not mean that the People
would not, or could not, have proceeded to trial on July 12th. Likewise, the fact that the People
subsequently filed a second superseding information does not mean that the People could not
have proceeded to trial on July 12th on the first superseding information. Consequently, the
People are chargeable with no delay for the entire time period of July 12, 2013 to October 24,
2013.
On October 24, 2013, the People requested a one-week adjournment, stating that they would
serve and file an off-calendar second superseding information, and the case was adjourned to
December 17, 2013. The People, however, waited until December 6, 2013 to file their second
superseding information and argue that they should only be charged with the seven days that they
had requested because there was no reason for them to file that information within those seven
days, as the case had been adjourned to December 17, 2013. It is well settled that post-readiness
delay may be assessed "notwithstanding that the People have answered ready for trial within the
statutory time limit" (People v Anderson, 66 NY2d 529, 536 [1985]) and notwithstanding
the absence of an explicit prosecutorial request for an adjournment, wherein the delay is
attributable to the People's inaction which directly implicates their ability to proceed to trial
(People v Carter, 91 NY2d 795, 799 [1998]; People v McKenna, 76 NY2d 59,
64-65 [1990]; People v Johnson,
174 AD3d 1510, 1511 [2019]), or is attributable to the People's laxity (People v
England, 84 NY2d 1, 5 [1994]).
Here, the People clearly were not ready to proceed to trial on October 24, 2013 because they
had decided to file a second superseding information and, therefore, they could not be ready until
that information was filed. Also, they could not file that information without the supporting
depositions of the complainants, and they admit in their supplemental affirmation in opposition
that the complainants were on vacation from October 12, 2013 through October 27, 2013. Since
the People chose to wait until December 3, 2013 to interview the complainants and obtain the
required depositions, instead of doing this within the requested seven-day period, the delay
beyond the seven days was caused by the People's inaction and laxity and, therefore, we find that
the 43 days of post-readiness delay from October 24, 2013 to December 6, 2013 is chargeable to
the People even though they had requested a one-week adjournment (see People v Carter,
91 NY2d at 799; People v England, 84 NY2d at 5; People v McKenna, 76 NY2d
at 64-65; People v Johnson, 174 AD3d at 1511). 
With respect to the time period of December 6, 2013 to February 25, 2014, we note that, in
court on December 17, 2013, the prosecutor stated that "the People are not ready. We are
subpoenaing medical records," and requested a two-week adjournment. When asked whether the
records had already been subpoenaed, the prosecutor replied that the records were subpoenaed on
December 6, 2013. The Criminal Court (Curtis Farber, J.) then stated "that is not really
acceptable . . . [i]t's an open question as to how much time should be charged if this case comes
close . . . if this becomes a 30.30 issue . . . I don't . . . understand how . . . on a case, which has
such serious charges, [the People] would wait six months before signing the subpoena for the
medical records." Thereafter, the case was adjourned to February 25, 2014, on which date the
People announced that they were ready for trial and the court noted that the medical records were
in the court file. The People argue that they should only be charged with the 14 days they
requested on December 17, 2013, and that it was the Criminal Court's decision to adjourn the
case to February 25, 2014 instead of to December 31, 2013; and that even though the Criminal
Court indicated that the court file contained the medical records as of February 25, 2014, it does
not mean that the court did not receive the medical records before that date, since the hospital
had mailed the medical records to the court on January 16, 2014.
Despite the numerous, conflicting reasons the People provided for their state of unreadiness
on December 17, 2013, the transcript of that date clearly indicates that the prosecutor [*3]stated that the People were not ready for trial because they did not
have the complainant's medical records which they had subpoenaed on December 6, 2013, and
that they requested a two-week adjournment to obtain these records. Consequently, we find that
the People were not ready because they did not have the medical records, and we note that the
People cannot retroactively, in motion papers submitted after trial, change their reason for not
being ready on that date. The People's delay in interviewing the complainants and obtaining the
detective's case file caused them not to seek to subpoena the medical records until December 6,
2013, which was almost five months after the complainants were medically examined on July 19,
2013, all of which occurred due to the People's inaction and laxity. We therefore find that the 81
days of post-readiness delay from December 6, 2013 to February 25, 2014 is chargeable to the
People even though they had only requested a two-week adjournment (see People v
Carter, 91 NY2d at 799; People v England, 84 NY2d at 5; People v
McKenna, 76 NY2d at 64-65; People v Johnson, 174 AD3d at 1511). In any event, at
a minimum, the People are chargeable with the 41 days from December 6, 2013, when the People
subpoenaed the medical records, to January 16, 2014, when the hospital allegedly "mailed the
records out" to some unidentified entity. Whether the People could have proceeded to trial
without the medical records is of no import, and they are chargeable with the time it took for
them to procure those records, since they stated that they were not ready for trial and requested an
adjournment in order to procure them (see People v Sibblies, 22 NY3d 1174, 1180-1181 [2014]). 
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is granted and the accusatory instrument
is dismissed. 
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 24, 2021