People v Burden (2021 NY Slip Op 50950(U))

[*1]

People v Burden (Martin)

2021 NY Slip Op 50950(U) [73 Misc 3d 130(A)]

Decided on September 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-532 S CR

The People of the State of New York,
Respondent,
against
Martin H. Burden As Trustee of Burden Family Irrevocable Trust,
Appellant. 

Raymond Negron, for appellant.
Port Jefferson Village Attorney's Office (Richard M. Harris of counsel), for respondent.

Appeal from four judgments of the Justice Court of the Village of Port Jefferson, Suffolk
County (John F. Reilly, J.), rendered February 25, 2020. The judgments, after a nonjury trial,
convicted defendant of two charges of violating Code of the Village of Port Jefferson §
161-27 (F), and one charge each of violating Code of the Village of Port Jefferson § 161-27
(G) and Code of the Village of Port Jefferson § 250-28 (C) (4), respectively, and imposed
sentences.

ORDERED that each of the two judgments convicting defendant of violating Code of the
Village of Port Jefferson § 161-27 (F) is modified, on the law, by vacating the sentence
imposed thereon; as so modified, the judgments of conviction are affirmed, and the matters are
remitted to the Justice Court for resentencing; and it is further, 
ORDERED that the judgment convicting defendant of violating Code of the Village of Port
Jefferson § 161-27 (G) is affirmed; and it is further,
ORDERED that the judgment convicting defendant of violating Code of the Village of Port
Jefferson § 250-28 (C) (4) is reversed, on the law, the accusatory instrument charging that
offense is dismissed, and the fine, if paid, is remitted.
Immediately prior to commencing a nonjury trial, the People filed four new informations
charging defendant with, among other things, two charges of violating Code of the Village of
Port Jefferson (Code) § 161-27 (F), and one charge each of violating Code § 161-27
(G) and [*2]Code § 250-28 (C) (4), respectively. After the
trial, defendant was found guilty of these charges. The Justice Court sentenced defendant to a
fine in the sum of $2,000 for violating Code § 161-27 (F), $2,000 for violating Code §
161-27 (G) and $1,000 for violating Code § 250-28 (C) (4).
On appeal, defendant contends, among other things, that no arraignment took place on the
charges in the newly filed informations. However, even if defendant was never properly
arraigned, this error is not fundamental, and, "inasmuch as defendant appeared in court with [an]
attorney and submitted to the court's jurisdiction, consented to the assignment of a trial date and .
. . proceeded to trial fully aware of the charge[s] asserted," defendant suffered no prejudice by the
procedure followed (People v
Hallenbeck, 81 AD3d 1077, 1079 [2011]; see also People v Brigandi, 57 Misc
3d 5, 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Repanti, 40 Misc
3d 131[A], 2013 NY Slip Op 51132[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2013], affd 24 NY3d 706 [2015]). 
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d 620, 621 [1983]), we find that the evidence was legally insufficient to establish
defendant's guilt, beyond a reasonable doubt, of violating Code § 250-28 (C) (4). Pursuant
to Code § 250-28 (C) (4), the People were required to prove that a "fence [was] erected or
maintained on the front line of the lot or any side lines of the lot, extending from the front thereof
to the side lines of the lot, exceeding three feet in height." The proof at trial failed to establish the
location of the front line of the lot and its relation to the fencing or that the fencing "extend[ed]
from the front thereof to the side lines of the lot." Additionally, the proof was legally insufficient
to establish that the property was situated on a curve (Code § 250-9) and, thus, failed to
establish that the premises had two front yards with fences situated thereon in violation of Code
§ 250-28 (C) (4). 
"A judgment is comprised of a conviction and the sentence imposed thereon and is
completed by imposition and entry of the sentence" (CPL 1.20 [15]). A defendant must be
sentenced on each charge of which he or she is convicted (see CPL 380.20; People v
Sturgis, 69 NY2d 816, 817-818 [1987]; People v Payne, 54 Misc 3d 138[A], 2017 NY Slip Op 50140[U],
*3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Here, defendant was charged in two separate informations with violating Code § 161-27
(F) and the Justice Court found defendant guilty thereon and sentenced defendant to a single fine
in the sum of $2,000. Because the court did not impose a separate sentence on each charge of
which defendant was convicted (see CPL 380.20), the judgments convicting defendant of
violating Code § 161-27 (F) must be modified by vacating the sentence imposed thereon
and remitting the matter to the Justice Court for resentencing on each of those charges.
The remaining issues raised by defendant on appeal are either without merit or were not
preserved for appellate review (see CPL 470.05 [2]).
Accordingly, the judgments convicting defendant of violating Code § 161-27 (F) are
modified by vacating the sentence imposed thereon and the matter is remitted to the Justice Court
for resentencing. The judgment convicting defendant of violating Code § 161-27 (G) is
affirmed. The judgment convicting defendant of violating Code § 250-28 (C) (4) is reversed
and the accusatory instrument charging that offense is dismissed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 30, 2021