People v Labate (2022 NY Slip Op 50309(U))

[*1]

People v Labate (Patrick)

2022 NY Slip Op 50309(U) [74 Misc 3d 138(A)]

Decided on April 8, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 8, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1793 Q CR

The People of the State of New York,
Respondent,
against
Patrick Labate, Appellant. 

Appellate Advocates (Nao Terai of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Candi Green of Counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Karen Gopee, J.), rendered October 31, 2019. The judgment convicted defendant, upon a jury
verdict, of reckless driving, and imposed sentence. The appeal brings up for review so much of
an order of that court (Joanne B. Watters, J.) dated June 13, 2019 as, upon reargument and
renewal, adhered to a March 25, 2019 order (Joanne B. Watters, J.) denying the branch of
defendant's motion seeking to dismiss, on statutory speedy trial grounds, the count in the
accusatory instrument charging defendant with reckless driving.

ORDERED that the judgment of conviction is reversed, on the law, so much of the June 13,
2019 order as, upon reargument, adhered to the March 25, 2019 order denying the branch of
defendant's motion seeking to dismiss, on statutory speedy trial grounds, the count in the
accusatory instrument charging defendant with reckless driving is vacated, that branch of
defendant's motion is granted, and that count of the accusatory instrument is dismissed.
Insofar as is relevant to this appeal, following a jury trial (Karen Gopee, J.), defendant was
convicted of reckless driving (Vehicle and Traffic Law § 1212), and was sentenced. Prior to
trial, defendant had moved to, among other things, dismiss, on statutory speedy trial grounds, the
count in the accusatory instrument charging him with reckless driving. The People opposed the
motion. By order dated March 25, 2019, the Criminal Court (Joanne B. Watters, J.) denied this
branch of defendant's motion, finding that only 75 days of delay were chargeable to the People
[*2]which included a 12-day period between September 5, 2018
and September 17, 2018, rather than a 43-day period from September 5, 2018 to October 18,
2018. Thereafter, defendant moved for leave to reargue and renew, arguing that the People
should have been charged the full 43 days, rather than only 12 days, for the period commencing
September 5th, as well as an additional 16 days due to the People's failure to abide by the
court-ordered motion schedule. The People opposed the motion. By order dated June 13, 2019,
the same court, upon reargument, adhered to its prior determination, and, upon renewal, denied
the branch of defendant's motion seeking to dismiss the court of the accusatory instrument
charging reckless driving.
It is uncontroverted that the People were required to announce their readiness for trial within
90 days of the commencement of the action, since the most serious offense charged in the
original accusatory instrument was a class A misdemeanor (see CPL 30.30 [1] [b]; see
also People v Lomax, 50 NY2d 351, 356 [1980]). Once defendant has shown the existence
of a delay greater than 90 days, the burden of showing that certain periods of time should be
excluded falls on the People (see People
v Brown, 28 NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995];
People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50 NY2d
333, 349 [1980]). The People's failure to be ready within this statutory period or make a
sufficient showing of days that were excludable requires dismissal of the accusatory instrument
(see Berkowitz, 50 NY2d at 349). Defendant contends on appeal that the People should
have been charged with the 43-day period from September 5, 2018 to October 18, 2018. We
agree.
Prior to a hearing held in June 2018, the People had announced that they were ready for trial.
Following the hearing, the case was adjourned to September 5, 2018 for a decision on the hearing
and for trial. On September 5th, the People were not ready for trial, provided no explanation for
their failure to be ready, and requested an adjournment to September 17, 2018. The case was
adjourned to October 18, 2018. On October 18th, the People were not ready for trial, provided no
explanation for their failure to be ready, and requested an adjournment to October 29, 2018. The
case was adjourned to November 28, 2018. On November 28th, the People, again, were not ready
for trial and provided no explanation for their failure to be ready. Defendant asserted the
aforementioned facts in his statutory speedy trial motions and argued, based on those facts, that
the People's statement, on September 5th, that they would be ready for trial on September 17th
was illusory and, therefore, the People should be charged with all 43 days from September 5th to
October 18th, not just the 12 days from September 5th to September 17th, representing an
additional 31 days chargeable to the People. 
In opposition to defendant's speedy trial motions, the People did not provide any explanation,
reasonable or otherwise, for their failure to be ready on September 5, 2018, October 18, 2018 or
November 28, 2018. Consequently, we find that defendant met his burden of demonstrating that
the People's statement that they would be ready for trial on September 17th, which is "presumed
truthful and accurate," was illusory (Brown, 28 NY3d at 405). Therefore, we agree with
defendant's contention that the entire 43 days of post-readiness delay are chargeable to the People
for the period from September 5th until October 18th (see People v Tucker, 73 Misc 3d
130[A], 2021 NY Slip Op 50947[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
[*3]2021]). Since the addition of those 31 days of chargeable time
brings the number of chargeable days to more than 90, the branch of defendant's motion seeking
to dismiss, on statutory speedy trial grounds, the count in the accusatory instrument charging him
with reckless driving should have been granted.
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, so much of the June 13, 2019 order as,
upon reargument, adhered to the March 25, 2019 order denying the branch of defendant's motion
seeking to dismiss, on statutory speedy trial grounds, the count in the accusatory instrument
charging defendant with reckless driving is vacated, that branch of defendant's motion is granted,
and that count of the accusatory instrument is dismissed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 8, 2022