People v Levinshon (2026 NY Slip Op 26041)

[*1]

People v Levinshon

2026 NY Slip Op 26041

Decided on March 23, 2026

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 23, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstA. Levinshon, Defendant.

Docket No. CR-026452-25BX

For the Defendant: 
Abigail Kasdin
The Legal Aid Society
For the People: 
Bronx ADA Cara L. Hernandez

David L. Goodwin, J.

Some questions percolate a long while without clear appellate resolution. In the main branch of his omnibus motion, defendant A. Levinshon [FN1]
asks one of them: does People v. England, 84 NY2d 1 (1994), which invalidated a C.P.L. § 30.30 statement of trial readiness because timely arraignment on a last-minute indictment was legally impossible, apply in a misdemeanor case when the People do not convert a complaint into an information until after hours on the final day?
As explained below, it does not. Even assuming the conversion materials were filed "after hours"—the New York City Criminal Court does not close at 5:00p.m.—the general readiness rule permits the People to both become ready for trial and declare ready at any time before the statutory speedy trial period expires. See People v. Licius, ___ NY3d ___, 2025 NY Slip Op. 05873 (NY Oct. 23, 2025). The specific impediment to readiness in England—a built-in, two-day statutory delay before the jurisdictional arraignment on an indictment—has no clear counterpart in a misdemeanor case, and Levinshon does not persuasively explain why arraignment on an information should be treated differently than all other post-readiness steps towards trial. Accordingly, the branch of his motion seeking dismissal is denied.I. BackgroundThe case began on September 24, 2025, with the filing of a misdemeanor complaint. It [*2]was a complaint and not a misdemeanor information because it relied on hearsay from an informant.
At 11:08p.m. on December 23, 2025, which was the final day of the 90-day statutory speedy trial period, the People electronically filed a superseding instrument, the informant's supporting deposition, discovery-compliance materials, and a statement of readiness. Levinshon was arraigned on the superseding information during the next court appearance, at which this motion schedule was set.
II. Dismissal Arguments
Through counsel, Levinshon moves (among other things) to dismiss on C.P.L. § 30.30 statutory speedy trial grounds. While acknowledging the general background rule that the People may declare ready at any time within the statutory speedy trial period, see Defense's Reply at 1 n.1 (pdf pag.), he argues that conversion—the replacement of a complaint with an information—should be treated differently when accomplished on the final day.
In his view, under People v. England and its successor case, People v. Goss, 87 NY2d 792 (1996), a statement of readiness is not valid unless arraignment on a triable accusatory instrument is possible within the speedy trial period. Here, timely arraignment on the converted information was a "practical impossibility" because the converting documents were not filed until "after the court was closed on the 90th day." Defense's Aff. ¶ 16. Since that same defect invalidated the statement of readiness in England, the People's statement of readiness in this case should also be deemed illusory and invalidated, and the matter dismissed on speedy trial grounds.[FN2]

In support of his argument, Levinshon relies on two trial court decisions (attached as exhibits to his motion) applying England in misdemeanor cases when conversion documents were filed after 5:00p.m. on the 90th day. Those decisions, in turn, relied on other trial court authority that reached the same conclusion. 
In opposition, and while accepting that filing after 5:00p.m. occurs "after [close] of business," People's Resp. Mem. at 7, the People dispute Levinshon's reading of England. Relying on a different set of trial court decisions—as well as one Appellate Term decision from 1995, printed in the Law Journal but not reproduced—the People distinguish England as involving arraignment on an indictment, the process through which the superior court acquires jurisdiction over a felony defendant. In a misdemeanor case, by contrast, the initial complaint confers jurisdiction, so England does not apply—and after-hours readiness declarations are generally valid otherwise. See People's Resp. Mem. at 6-10.
The People also contend that they did not receive the supporting deposition until the 90th day despite their best efforts. The People could not have declared ready any sooner than they did. See id. at 10-11.
Levinshon largely reiterates his arguments in reply, emphasizing that under his reading of England, "documents needed for conversion must be filed before 5pm on day 90," unlike those required for discovery compliance or generalize trial readiness. Defense's Reply at 3 (pdf pag.) (emphasis added). Since a defendant must be "arraigned on an information before [he] can be brought to trial," England should apply in misdemeanor cases, and dismissal is thus warranted. [*3]Defense's Reply at 5 (pdf pag.).
III. Legal Standard
In a misdemeanor case where the top count carries a potential custodial sentence of more than three months, the People must be ready for trial within 90 days of the case's commencement. C.P.L. § 30.30(1)(b). If they are not ready within that 90-day window, the accusatory instrument must be dismissed on motion by the defense. C.P.L. §§ 30.30(1)(b), 170.30(e); People v. Labate, 42 NY3d 184, 190 (2024).
The People stop the speedy-trial clock by stating ready for trial, which they may validly do only when substantively ready for trial. Labate, 42 NY3d at 190-91. To be substantively ready for trial, the People must have done "all that is required of them to bring the case to a point where it may be tried." People v. Brown, 28 NY3d 392, 404 (2016). Relevant here, when a misdemeanor case begins with the filing of a misdemeanor complaint, the People cannot be ready for trial until they have replaced the complaint with a misdemeanor information, which (absent waiver by the defendant) must occur for trial to proceed. C.P.L. §§ 100.10(4), 170.10(4)(d), § 170.65(1), (3); People v. Johnson-McLean, 71 Misc 3d 31, 35 (App. Term, 1st Dept. 2021).
IV. Discussion
As explained below, Levinshon does not persuasively show why England—cabined by Goss shortly after it was decided, and never expanded by the Court of Appeals outside of the narrow context of its origination—should require dismissal in a misdemeanor case when a supporting deposition is filed after 5:00p.m. on the final day. Even assuming that a person cannot in fact be arraigned on a converted information after 5:00p.m., arraignment on a misdemeanor information lacks both the jurisdictional significance and the statutorily mandated, built-in delay that motivated the England decision.
Nothing about England otherwise suggests that arraignment on the 91st day of a misdemeanor case violates a defendant's statutory speedy trial rights. To the contrary, as the Court of Appeals recently reaffirmed in Licius, bringing the case to a point where it may be tried is compatible with important pre-trial events occurring on the 91st day. The People satisfy their readiness obligation by making those events possible, not by having them occur within 90 days. Accordingly, the People could validly declare ready even though they filed their supporting deposition in the evening of the 90th day.
a. In general, the People can both validly become ready and state ready off-calendar at any time before the statutory speedy trial period concludes.
The best place to start is the general rule. As recited above, substantive readiness requires the People to do "all that is required of them to bring the case to a point where it may be tried." Brown, 28 NY3d at 404. Once they become substantively ready, the People must state ready for trial, either in court or off-calendar. Id. at 403. A statement of readiness for trial is valid only if the People were substantively ready at the time the statement was made. Id.
As Licius confirms, in the age of 24-hour filing, the People may both become substantively ready and state ready at any point before the speedy trial window closes, even after hours. The main issue in Licius was procedural: whether the People could validly state ready by electronic filing after 5:00p.m. on the final day. See Licius, 2025 NY Slip Op. 05873, at *1 (referring to the issue as whether the People could "file[] their statement of readiness on the due date at 5:03p.m. instead of by 5:00p.m"). Thus, Licius primarily held that "[e]lectronic submission of a statement of readiness on or before the due date, regardless of time of day, [*4]satisfies the CPL 30.30 deadline." Id. (emphasis added).
But Licius also briefly addressed, by implication, whether the People could become substantively ready after hours on the final day, as the People had also electronically filed their discovery-compliance materials—required for substantive readiness, see C.P.L. § 245.50(3)—alongside their statement of readiness. See Licius, 2025 NY Slip Op. 05873, at *1. They could, Licius confirmed, because "[t]he statutory speedy trial framework requires the People to be ready to commence trial by a date certain, without regard to whether the court is able to commence trial." Id.
As a result, not only could the People state ready for the first time after hours on the final day, but they could also become ready for the first time after hours as well, even though commencing trial at that time would have been impossible. On this point, Licius is in accord with the general consensus of intermediate appellate authority, under which substantive readiness is distinct from actual forward movement on a case. See, e.g., People v. Dauphin, 112 AD3d 471, 471 (2d Dept. 2013) (observing that the People do not need to be able to "call their first witness to the stand at the very moment they represent that they are ready"); People v. Chalupa, 66 Misc 3d 139(A), 2020 NY Slip Op. 50096(U), at *1 (App. Term, 1st Dept. 2020) ("Actual readiness does not require that the People be able to produce the complaining witness, who was in another state on active military duty, instantaneously or on every adjourned date in order for a statement of readiness to be valid.").
b. England held that the People cannot validly declare ready for trial when a defendant is indicted on the final day of the statutory speedy trial period, because a built-in two-day statutory delay renders timely arraignment—a jurisdictional requirement—legally impossible.
England marks a significant exception to the general rule that the People have the entire speedy trial period in which to both become and declare ready. A 4-2 decision from 1994 with one judge taking no part, England concluded that the People could not validly declare ready on the last day of the felony § 30.30 period when, "owing entirely to the People's delay, no indictment was handed up" until that day, thereby preventing a defendant from being "brought to trial" prior to the speedy trial period's expiration. England, 84 NY2d at 3-4.
Complicating the People's ability to validly declare ready on that last day was C.P.L. § 210.10(2). Then as now, § 210.10(2) required giving a defendant against whom a felony complaint was pending "at least two days['] notice" of superior court arraignment on an indictment.
Because that notice requirement would effectively push any arraignment until two days after the speedy trial period expired, England concluded that "arraignment within the statutory period [would be] impossible." England, 84 NY2d at 5. And since arraignment on an indictment is "the process by which the court acquires [personal] jurisdiction over a defendant" under C.P.L. § 1.20(9), trial could not commence within the statutory period. Id. at 4-5.
As a result, the People's declaration of readiness was "meaningless." Id. at 5. The speedy trial clock had not stopped, and dismissal on § 30.30 speedy trial grounds was required. Id.
c. People v. Goss, decided two years after England, clarified that England applies only when timely arraignment on an indictment is legally impossible instead of just delayed.
Two years later, the Court decided People v. Goss, 87 NY2d 792 (1996). A unanimous decision by the author of England, Goss clarified and cabined the scope of England's holding.
Goss involved several defendants who had been indicted more than two days before the felony [*5]speedy trial period expired, but whose arraignments had been scheduled for well afterwards. All argued that under England, the People's failure to timely arraign them required dismissal under C.P.L. § 30.30. See Goss, 87 NY2d at 794-96.
In concluding otherwise, Goss explained that England had not been intended to alter the established principle that readiness prior to arraignment is permissible. Id. at 796 (citing People v. Cortes, 80 NY2d 201, 213 (1992); People v. Correa, 77 NY2d 930, 931 (1991)). England had instead "carved out a single exception" where arraignment within the speedy trial period both "impossible" and "attributable solely to the People." Id. at 796-97 (emphasis added).
In Goss, by contrast, arraignment within the speedy trial period was not impossible. Each indictment and declaration of readiness dated from more than two days before the speedy trial window would have closed, so the defendants all could have been arraigned before the speedy trial period expired, even though they were not. See id. at 797. And because arraignment on an indictment is "exclusively a court function"—C.P.L. § 210.10, the same statute at issue in England, confers that responsibility on the court—the delay in actual arraignment was not post-readiness delay attributable to the People. Id. at 797-97. England thus did not control.
d. Outside of Goss, the Court of Appeals has cited England only seven times—once to further restrict it, but never to expand it.
Goss appears to mark one of only two times the Court of Appeals has specifically addressed England's holding. The other time is People v. Carter, 91 NY2d 795 (1998), also by the author of England and Goss, which reduced those two prior decisions to their mechanical essence: "a statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the 'speedy trial' clock if the indictment is filed at least two days before the CPL 30.30 period ends." Id. at 798.[FN3]
The six other references to England have not been for England's specific rule, but instead for England's broader articulation of the meaning of readiness in the context of § 30.30.[FN4]

[*6]e. Other appellate decisions have generally limited England to the precise situation it confronted: indictments issued fewer than two days before the felony § 30.30 window closes.
As the parties tacitly acknowledge in their briefs by relying on trial court authority, intermediate appellate consideration of England has generally proceeded along similar lines. Significantly, none of the 86 England-citing decisions on Westlaw by dedicated appellate courts has clearly expanded the rule to misdemeanor cases, at least outside of nonbinding dicta.[FN5]

Those decisions that have applied England within the felony context, moreover, have generally done so in the precise situation England addressed—the late filing of an indictment—while also acknowledging England's narrowness and occasional counterintuitive application. For instance, in People v. Mandela, 142 AD3d 81 (3d Dept. 2016), the defendant was indicted one business day before the § 30.30 period was to expire, not two, although the defendant was in fact arraigned on the final day. Since this violated England's two-day rule, the People's initial declaration of readiness on the day of indictment was invalid, despite the defendant's actual arraignment in contravention of C.P.L. § 210.10(2). See id. at 83-84. However, the People had also declared ready again on the day of arraignment—and that declaration of readiness was valid, because the "impossible" was in fact possible, and the defendant had been arraigned before the period expired. Id. at 86.
In short, England has not expanded beyond its original boundaries, either in felony cases themselves or in the new context of misdemeanor cases.
f. In a misdemeanor case, the England rule does not require dismissal when the People convert after hours on the final day of the misdemeanor speedy trial period.
1. The parties' shared assumption about the impossibility of arraignment "after hours" on the 90th day may be incorrect.
The crux of Levinshon's argument for the application of England in his case is that arraignment on the final day of the speedy trial period was legally impossible when conversion [*7]materials were filed after 5:00p.m.[FN6]
See, e.g., Defense's Mot. at 5; Defense's Reply Mem. at 3 (pdf pag.) ("Since the prosecution did not file any supporting deposition until after 5pm on the 90th day, there was no legal or practical way for Mr. Levinshon to be arraigned on the 90th day."). The People do not dispute this framing. See People's Resp. Mem. at 7.
However, the New York City Criminal Court is not closed for business after 5:00p.m. Instead, in four of the five boroughs, night court continues until 1:00a.m. the following day. See Court Information by County, https://ww2.nycourts.gov/COURTS/nyc/criminal/generalinfo.shtml (last visited Mar. 16, 2026); cf. People v. Gause, 286 AD2d 557, 559 (3d Dept. 2001) (in the context of a § 30.30 motion, taking judicial notice of breadth of court business after hours).
Moreover, those "after-hours" night court proceedings are not limited to initial arraignments, although that is their intended purpose. Instead, night court encompasses applications for search warrants, Family Court orders of protection, involuntary returns on warrants, and extensions of various otherwise-expiring deadlines. See, e.g., People v. Archie, 28 Misc 3d 617, 619 (Sup. Ct., Kings Co. 2010) (Dwyer, J.) ("The prosecutor and defense counsel went to night court and obtained an extension of the CPL 180.80 release date to the following day."). Both warrants returns and arraignments where the defendant has one or more in-County bench warrants can involve an assessment of the status of the warranted case or cases, not unlike an appearance in a Criminal Court misdemeanor calendar part; and, if necessary, that assessment of status can include arraignment on a new or converted accusatory instrument.
So while regularly scheduled calendar appearances are not generally a part of night court, and a post-11:30p.m. filing leaves little room for error, a defendant's arraignment on an information after 5:00p.m. would not be impossible—and England requires impossibility, see Goss, 87 NY2d at 797, not just impracticability. Had the parties rushed to night arraignments and requested an emergency arraignment on the information, they could have been [*8]accommodated.
For these reasons, the parties' shared assumption that the conversion documents were filed after the court was closed is likely incorrect. England might not be implicated here at all; improbability is not impossibility, and if Levinshon could have been arraigned on the information before the 91st day, England would not apply even under the reading Levinshon proposes.
2. England does not require arraignment on a misdemeanor information before the speedy trial deadline expires.
Regardless, even if arraignment after 5:00p.m. would have indeed been impossible, England still does not compel a speedy trial violation here. Arraignment on a misdemeanor information is one additional step in a misdemeanor case, but so long as the People have made future arraignment possible by converting the complaint by the close of the final day, the actual arraignment—just like all other steps in a misdemeanor case—may occur at the next scheduled court appearance without violating § 30.30.
In this case, the People both became ready and declared ready within the statutory speedy trial period of 90 days, fulfilling their obligations to do so. True, they did so with mere minutes to spare, but absent circumstances not relevant here, timely action is timely action. Cf. Allscripts Healthcare, LLC v. Andor Health, LLC, No. CV 21-704-MAK, 2022 WL 3021560, at *39 (D. Del. July 29, 2022) (observing that a "last possible minute" disclosure was "still timely").
Moreover, under the general rule reflected in Licius and other authorities, the impossibility of arraignment, or other forward momentum in the case, is of limited relevance for substantive readiness, which instead requires the People to bring the case where those steps were possible—not to ensure those steps were actually taken within the period. For instance, in Licius itself, the People could be substantively ready for trial despite the impossibility of the court conducting the assessment of their readiness mandated by C.P.L. § 30.30(5)(a).
For Levinshon's argument to the contrary to succeed, he needs to show that England's "single exception" to the background readiness rule applies in this situation. Goss, 87 NY2d at 796. That depends, in turn, on what England actually decided.
Levinshon reads England to hold that arraignment on an accusatory instrument is a distinct moment in a criminal case, one that must occur within the speedy trial period for the People to be substantively ready. But as the Court of Appeals emphasized in Goss, England "did not alter the principle that the People can be ready to proceed to trial prior to the defendant's arraignment." Id. Instead, the relevant discussion in England focused on the importance of arraignment on an indictment as the "process by which the court acquires [personal] jurisdiction over a defendant." England, 84 NY2d at 4-5. 
Significantly, to the extent that the jurisdictional nature of an indictment animated some part of the England rule, arraignment on a misdemeanor information lacks much of the jurisdictional significance of initial arraignment on an indictment. England focused on a superior court's lack of personal jurisdiction under C.P.L. § 1.20(9) prior to arraignment on an indictment. See England, 84 NY2d at 4-5; see also People v. Carter, 33 Misc 3d 14, 16 (App. Term, 9th & 10th Jud. Dists. 2011) (observing that arraignment confers personal jurisdiction under § 1.20(9)). But while indictment on a felony requires a transfer to a superior court, see C.P.L. § 210.05, and a concomitant initial exercise of personal jurisdiction by that court through arraignment on the indictment, a converted misdemeanor information is addressed in the same criminal court in which the original complaint was filed—and that criminal court already has some measure of [*9]personal jurisdiction over the defendant through arraignment on that complaint. See People v. Dumay, 23 NY3d 518, 522 (2014).[FN7]
A lower criminal court otherwise has preliminary subject-matter jurisdiction upon the filing of an initial complaint, which becomes trial jurisdiction when the complaint is replaced by an information, not when the defendant is arraigned on that information. See C.P.L. § 1.20(24)-(25). Thus, to the extent that jurisdiction matters, the jurisdictional rule is different for misdemeanor cases than for felony cases.[FN8]

Moreover, while Levinshon's reading of England emphasizes the importance of arraignment, an alternate reading of England focuses instead on the inability of the People to validly declare ready when a built-in statutory delay prevents forward movement of the case. Jurisdiction notwithstanding, England was not a decision about pre- or post-readiness delay, but about an illusory declaration of readiness—a determination that the People had not "done all that is required of them to bring the case to a point where it may be tried" when they declared ready. England, 84 NY2d at 4. The People had not done so because they declared ready on the final day despite a statute, C.P.L. § 210.10(2), under which the circumstances of their alleged readiness—an indictment secured on the final day of the period—would yield two additional days of delay before any additional forward progress was possible. This built-in statutory delay is what obviated the People's declaration of readiness in England. See also Carter, 91 NY2d at 798 (simplifying England into a timing rule).
Viewed in that way, England has no obvious parallel in a misdemeanor case, and Levinshon does not point to any. There is no period of built-in delay after the People have converted a misdemeanor complaint into a misdemeanor information, as a person may be arraigned at any time after conversion under C.P.L. § 170.65(1), and conversion is automatic when the appropriate conditions are met. See People v. Johnson-McLean, 71 Misc 3d 31, 36 (App. Term, 1st Dept. 2021). So unlike in a felony case, where an indictment filed on the last two days of the speedy trial period will necessarily create an additional delay, conversion in a misdemeanor case does not yield any additional statutory delay.
In sum, to the extent that England's rule focuses on the jurisdictional nature of arraignment, arraignment on a misdemeanor information lacks much of the jurisdictional significance of arraignment on an indictment. And to the extent that England is instead, at bottom, a decision about declaring readiness in the face of built-in statutory delay—a reading that both explains England's narrowness and situates England more comfortably within the general readiness rule—there is no built-in delay here that would have impeded or undermined [*10]the People's substantive readiness.
If the People did indeed become ready and declare ready for the first time after hours in this case, the background rule controls, not England. And under that background rule, even if forward movement in the case would not have been possible until court reopened on the 91st day, the People satisfied their statutory obligations by making that movement possible within the statutory time period. That is all that § 30.30 requires. See Licius, 2025 NY Slip Op. 05873, at *1. As a result, Levinshon's England-based challenge to the People's readiness does not succeed.
* * *
For the reasons set forth above, the branch of Levinshon's motion that seeks dismissal on § 30.30 speedy trial grounds is denied. His other requests for relief are addressed in a separate form order filed alongside this one.
Dated: March 23, 2026
Bronx, NY
/s/David L. Goodwin
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:The version of this decision submitted for publication has been lightly redacted to remove certain identifying information.

Footnote 2:Levinshon does not premise his argument on the (significant) changes in the superseding accusatory instrument, focusing instead on the after-hours conversion.

Footnote 3:Carter did not mention the People's-laxity part of the England rule, and many post-Carter cases do not either. Since today's decision concludes that England is a poor fit for misdemeanor cases, there is no need to determine whether the fault-of-the-People prong still persists in that context, or is even a meaningful part of the England holding. But see People v. Torres, 73 Misc 3d 130(A), 2021 NY Slip Op. 50947(U), at *2 (App. Term, 2d, 11th & 13th Jud Dists. 2021) (addressing "the People's laxity" in the context of post-readiness delay, rather than in the context of the validity of readiness itself); People v. McGrath, 223 AD2d 759, 760 (3d Dept. 1996) (same).

Footnote 4:See People v. Labate, 42 NY3d 184, 191 (2024) (quoting England's articulation of the meaning of trial readiness); People v. Brown, 28 NY3d 392, 404, 406-07 (2016) (same, along with the requirement that the People be "actually ready" at the time they declare); People v. Sibblies, 22 NY3d 1174, 1177, 1180 (2014) (citing England for the meaning of readiness in the concurring opinions of Chief Judge Lippman and Judge Graffeo); People v. Stirrup, 91 NY2d 434, 440 (1998); see also Licius, 2025 NY Slip Op. 05873, at *1 (citing England for the principle that "time elapsing because of court unavailability is not charged to the People when determining trial readiness"); People v. Blue, 42 NY3d 584, 597-98 (2024) (citing England for the principle that "[a]rraignment confers jurisdiction over a defendant" while reaffirming that "the People may declare readiness before a defendant is arraigned" because "time is not chargeable to the People simply because no court has jurisdiction over the criminal action").

Footnote 5:One came close: People v. Rini, 34 Misc 3d 152(A), 2012 NY Slip Op. 50302(U) (App. Term, 2d, 11th & 13th Jud. Dists. 2012), found no speedy trial violation when the People converted a complaint to an information and declared ready well within the speedy trial deadline, yet the defendant was not arraigned until after the deadline. Rini appears to have assumed that England governed in misdemeanor cases, concluding that the statement of readiness was valid anyway because "there was ample time thereafter to arraign defendant." Id. at *2. Neither party here has relied on Rini, and since the outcome in Rini did not depend on the actual application of England, Rini's assumption is dicta that would not bind even if Rini had mandatory precedential effect. See People v. Bethea, 67 NY2d 364, 368 n.* (1986).

Footnote 6:It is worth noting at this juncture that even in England itself, arraignment on the indictment was not actually impossible, as the two-day notice requirement of C.P.L. § 210.10(2) can be waived or forfeited. See People v. King, 163 AD3d 1352, 1352 (3d Dept. 2018); Mandela, 142 AD3d at 86. The "impossibility" of England's rule presumably means "impossible if procedural rules are followed and are not waived by the defendant." Accordingly, England's application in misdemeanor cases is not resolved by observing that a defendant may waive prosecution by information entirely or forfeit formal arraignment on an accusatory instrument through inaction. See, e.g., People v. Burden as Tr. of Burden Fam. Irrevocable Tr., 73 Misc 3d 130(A), 2021 NY Slip Op 50950(U), at *2 (App. Term, 9th & 10th Jud. Dists. 2021) (observing that a defendant forfeited arraignment on a superseding information, an omission that was "not fundamental," by proceeding to trial anyway); People v. Repanti, 40 Misc 3d 131(A), 2013 NY Slip Op 51132(U), at *2 (App. Term, 9th & 10th Jud. Dists. 2013) (concluding that, even if the trial court lost jurisdiction and then did not regain it through timely arraignment on a superseding prosecutor's information, defendant's submission to court proceedings reestablished jurisdiction), aff'd on other grounds, 24 NY3d 706 (2015).

Footnote 7:Other trial court decisions have distinguished England on this ground. See, e.g., People v. Suarez, 82 Misc 3d 1228(A), 2024 NY Slip Op 50431(U), at *3-4 (N.Y.C. Crim. Ct., Bronx Co. 2024) (Pacheco, J.); People v. Santos, 165 Misc 2d 950, 952 (N.Y.C. Crim. Ct., Bronx Co. 1995) (Tallmer, J.) ("Conversion of a misdemeanor complaint to an information, however, does not result in a change in the court exercising jurisdiction over defendant.").

Footnote 8:Despite the putatively jurisdictional nature of felony arraignment on an indictment, arraignment in felony cases may also be forfeitable as a practical matter because a superior court can acquire jurisdiction through a defendant's acquiescence. See People v. Hallenbeck, 81 AD3d 1077, 1078-79 (3d Dept. 2011).